___



**SO ORDERED,**

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| ALLEN E. CROSTHWAIT, | ) | Case No.: | 05-19292-JDW |
| | ) | | |
| Debtor. | ) | Chapter: | 11 |

___

| | | | |
|---|---|---|---|
| DAVID E. BAIRD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 15-01089-JDW |
| | ) | | |
| ALLEN E. CROSTHWAIT, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**ORDER DENYING PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT (A.P. DKT. # 48)**

This matter comes before the Court on the *Motion for Summary Judgment* (the "Motion")(A.P. Dkt. # 48)[1] and the *Plaintiff's Brief in Support*

___

[1] Citations to the docket in the main bankruptcy case will be to "Bankr. Dkt. #___" and citations to the adversary proceeding will be to "A.P. Dkt. #___".

1

*of His Motion For Summary Judgement* (A.P. Dkt. # 51) filed by David Baird (the "Plaintiff") in this adversary proceeding against debtor-defendant Allen Crosthwait (the "Defendant"). The Defendant filed a *Response* (A.P. Dkt. # 66) and a *Defendant's Memorandum Brief in Opposition to Plaintiff's Motion for Summary Judgment* (A.P. Dkt. # 67). The Plaintiff later filed a *Rebuttal* (A.P. Dkt. # 71) and *Plaintiff's Brief in Support of His Rebuttal for the Motion for Summary Judgment* (A.P. Dkt. # 73). The Plaintiff asserts that the Defendant did willfully and maliciously trespass and cut timber from his land and that the damages resulting therefrom should be deemed nondischargeable. The Defendant argues that the Plaintiff's evidentiary submissions are defective and cannot be used to support his Motion. This Court agrees with the Defendant and concludes that the Motion is due to be denied.[2]

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A),(B) and (I).

---

[2] The "Bankruptcy Code" is defined as Title 11 of the United States Code. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. § 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

## II. FACTS

The following facts are undisputed. The Plaintiff and Defendant own adjoining tracts of land in Chickasaw County, Mississippi. Around September or October of 2014, the Defendant began harvesting timber. At the time, the Plaintiff resided in Wisconsin but heard that the Defendant was harvesting timber over the property line. The Plaintiff contacted the Defendant to inquire as to whether he was cutting timber within the proper boundaries or instead cutting the Plaintiff's timber. The Defendant told the Plaintiff that he would check with D.L. Boyd, the person in charge of cutting the timber for the Defendant, and would call him back. Subsequently, the Plaintiff had a forester, William Canale, go out to the land and check on the situation. The Plaintiff also hired Jimmy Caldwell to complete a survey of the property and to mark the boundary line between the Plaintiff's property and the Defendant's property.

The Defendant filed a chapter 11 bankruptcy petition in October of 2005 (Bankr. Dkt. # 1). His chapter 11 plan was confirmed on October 3, 2014 (Bankr. Dkt. # 734), and his case was later closed on March 3, 2016 (Bankr. Dkt. # 906, 907). On October 2, 2015, the Plaintiff filed a civil lawsuit against the Defendant in the Chancery Court of Chickasaw County, Mississippi (A.P. Dkt. # 11). The Defendant then removed the action to this Court on October 29, 2015. The Plaintiff filed a *Motion to Remand* (A.P. Dkt.

3

# 13), which was denied as untimely (A.P. Dkt. # 28). An answer to the Complaint was filed by the Defendant on January 4, 2016 (A.P. Dkt. # 15). The Plaintiff later filed this Motion (A.P. Dkt. # 48).

The parties dispute whether the timber cut by the Defendant was the property of the Plaintiff or the Defendant. The Plaintiff alleges that the Defendant trespassed on his land and cut his timber without consent in violation of Miss. Code § 95-5-10. The Defendant argues that the land and timber are both rightfully his, either because he holds record title to the property or because he acquired it through adverse possession.

## III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure[3] governs the process by which a court will grant or deny a motion for summary judgment. A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(quoting former FED. R. CIV. P. 56(c)); *see also* FED. R. CIV. P. 56(c)(1). When considering a motion for summary judgment, the Court must consider all the evidentiary matters with which it

---

[3] Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings in bankruptcy cases by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

4

is presented, including, *inter alia*, admissions in pleadings, answers to interrogatories, depositions and affidavits. *Kennett-Murry Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980).

If "the movant bears the burden of proof on an issue . . . he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "The 'beyond peradventure' standard imposes a 'heavy' burden." *Joe Hand Promotions, Inc. v. Tequila Nights Private Club, Inc.,* 2014 WL 4102494 at *3 (N.D. Tex. Aug. 20, 2014). The movant is required to support his motion with admissible evidence to prove his prima facie case. FED. R. BANKR. P. 7056(C). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(citing *Celotex,* 477 U.S. at 325).

## IV. CONCLUSIONS OF LAW

As the movant in a motion for summary judgment, the Plaintiff bears the initial burden of demonstrating to the Court that there is no genuine issue of material fact and that he is thus entitled to judgment as a matter of law. As the U.S. Supreme Court has held:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

5

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.

Here, the Plaintiff has submitted several documents to support its Motion, and the Defendant has objected to all of those documents. Whether the documents submitted by the Plaintiff are admissible evidence is a threshold issue to be resolved before reaching the merits of the Motion.

### A. Plaintiff's Supporting Evidence

The Plaintiff relies on tax maps, affidavits/declarations, and a timber appraisal to support the factual claims asserted in his Motion. *See* (A.P. Dkt. # 51, Ex. A – F). For the Court to consider these documents as evidence, they must meet the requirements set forth in Bankruptcy Rule 7056(c). Rule 7056(c)(4) provides, in pertinent part, that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. BANKR. P. 7056(c)(4).[4] From this provision comes three requirements for affidavits or

---

[4] Rule 7056(c) provides, in full:
  (c)(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

6

declarations submitted to support summary judgment: the affiant must (1) have personal knowledge of the facts offered, (2) offer evidence that is admissible, and (3) be competent to testify.

Due to amendments made to Rule 56 of the Federal Rules of Civil Procedure in 2010, a "formal affidavit is no longer required." FED. R. CIV. P. 56 advisory committee's note to 2010 amendment. Although the requirements for supporting affidavits have been relaxed, there are still minimum standards that must be met. *See Id.* Even though a "formal affidavit" is not required, the declaration must be:

> in writing, of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C. § 1746.

---

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

7

The Defendant has made several objections to each of the exhibits supporting the Plaintiff's Motion. The Defendant's objections are summarized below:

| Exhibit # | Title | Objection(s) |
|---|---|---|
| A | Affidavit of David Baird | Contains hearsay |
| B | Declaration of William Canale | Improper form, not under oath, contains hearsay |
| C | Declaration of D.L. Boyd | Improper form, not under oath, contains false statements |
| D | Declaration of Jimmy Caldwell | Affiant not qualified as expert, contains hearsay, not executed |
| E | Timber Trespass Appraisal | Not authenticated, improper form, author not qualified as expert |

While the Defendant has raised these specific objections to the Plaintiff's supporting evidence, the Court is not limited by these objections. *Loomis v. Starkville Miss. Public School Dist.,* 150 F. Supp.3d 730, 743 (N.D. Miss. 2015). The Court "may *sua sponte* decline to consider evidence which does not comply with Rule 56(c)(4)." *Id.* However, when an objection is raised, it "should point out the objectionable portions of an affidavit, and that a motion solely raising a general challenge to an affidavit is ineffective." *Calderara v. Tenn. Log & Timber Homes, Inc.,* 2013 WL 5937396 at *2 (S.D. Miss. Nov. 4, 2013)(citing 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (3d ed.)). Furthermore, the U.S. Court of Appeals for the Fifth Circuit has held that trial courts "should disregard only those

portions of an affidavit that are inadequate and consider the rest." *Akin v. Q–L Invs., Inc.,* 959 F.2d 521, 531 (5th Cir.1992).

B.  Defendant's Objections to the Plaintiff's Supporting Evidence

1.  *Proper Form*

A supporting affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. BANKR. P. 7056(c)(4); *see also Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191 (5th Cir. 1991). Upon reviewing the exhibits attached to the Plaintiff's Motion, the Court finds that none of the affidavits or declarations submitted conform to the requirements. Absent from the affidavits and declarations used by the Plaintiff are the 7056(c)(4) requirements, such as an affirmative recitation that the affiant is competent to testify.

Without meeting the minimum requirements as set forth in Rule 7056(c)(4) and 28 U.S.C. § 1746, the declarations of David Baird, William Canale, D.L. Boyd and Jimmy Caldwell offer no evidence that can be considered by this Court. Specifically, these declarations fail to state that the affiants or declarants were competent to testify to the information provided. On top of this defect, the declarations of William Canale and D.L Boyd fail to represent that their statements were subscribed as true under penalty of perjury. The declaration of Jimmy Caldwell was not even signed by him.

9

The Defendant objected to the Plaintiff's supporting documents on these grounds, and the Plaintiff did not address these issues in his rebuttal. For all these reasons, the affidavits and declarations of David Baird, William Canale, D.L. Boyd and Jimmy Caldwell may not be considered by the Court.

    2.    *Authentication*

The Timber Trespass Appraisal has not been authenticated by the appraiser. It was simply attached as a stand-alone exhibit to the Motion. In order to be considered as evidence, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule 56(c)] and the affiant must be a person through whom the exhibits could be admitted into evidence." *Burnett v. Stagner Hotel Courts, Inc.,* 821 F. Supp. 678, 683 (N.D. Ga. 1993), *aff'd* 42 F.3d 645 (11th Cir. 1994).

Rule 56 of the Federal Rules of Civil Procedure establishes a process for objecting to unauthenticated documents. *Abbott v. Elwood Staffing Servs., Inc.,* 44 F.Supp.3d 1125, 1133-35 (N.D. Ala. 2014). Pursuant to Rule 56(c)(2) "a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial." *Foreword Magazine, Inc.,* 2011 WL 5169384 at *2 (W.D. Mich. Oct. 31, 2011). This objection process now operates similar to objections at trial. *Id.* The non-moving party must object

to parts of the documents which would not be admissible at trial. The movant may then respond with the proper authentication.

The Defendant has made an appropriate objection to the Timber Trespass Appraisal on that ground. The Plaintiff did not respond to the objection with a rebuttal argument or an amendment. As a result, it cannot be used to support the Plaintiff's Motion.

3. *Support and Qualification for Expert Testimony*

Affidavits or declarations that offer expert testimony must offer support for the opinion, and should include the affiant's qualifications as well. The Fifth Circuit has:

> rejected the argument that, in the context of summary judgment, Fed. R. Evid. 705 does not require an expert's affidavit to contain factual support for the opinion expressed therein. For the purposes of summary judgment under Fed. R. Civ. P. 56[(c)(4)], an expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion.

*Boyd v. State Farm Ins. Cos.,* 158 F.3d 326, 331 (5th Cir. 1998)(internal citation omitted). The Court has broad discretion to rule on the admissibility of the expert's evidence in the summary judgment context. *Id.*

In addition to being unauthenticated, the Timber Trespass Appraisal is also inadmissible because William Canale has not been properly qualified as an expert who is able to accurately calculate the value of the cut timber. In the Plaintiff's *Rebuttal* (A.P. Dkt. # 71), he filed a résumé for William Canale;

11

however, the résumé alone is not enough to qualify Mr. Canale as an expert. *See Boyd,* 158 F.3d at 331. The Plaintiff must also "include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion." *Id.*

To the extent that the Plaintiff offers the declarations of William Canale and Jimmy Caldwell as expert testimony, they are inadmissible and may not be considered by the Court.

## V. CONCLUSION

Because of the defects in the Plaintiff's supporting evidence, the Court is left to consider only the Motion itself, without the attached declarations and other documents. Without this evidence, the Plaintiff has not met his initial burden of proving that there is "no genuine issue as to any material fact." *Celotex,* 477 U.S. at 322.

Separate and apart from the evidentiary defects, the issues involved in this proceeding are fact-intensive and necessitate a denial of summary judgment at this time. "The court . . . has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact." *Dotson v. BAC Home Loans Servicing, LP (In re Dotson),* 2010 WL 2024102 at *2 (Bankr. N.D. Miss. May 19, 2010)(citing *Kunin v. Feofanov,* 69 F.3d 59, 61 (5th Cir.1995)).

This is a case that needs to be tried with live testimony.  Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED**, that the Motion (A.P. Dkt. # 48) is **DENIED**.

##END OF ORDER##