

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **ALLEN EDWARD CROSTHWAIT** | ) | Case No.: | 05-19292-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 11 |

| | | | |
|---|---|---|---|
| **DAVID E. BAIRD,** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | A.P. No.: | 15-01089-JDW |
| | ) | | |
| **ALLEN EDWARD CROSTHWAIT,** | ) | | |
| | ) | | |
| Defendant. | ) | | |

### ORDER DENYING MOTION TO AMEND FINAL JUDGMENT TO DETERMINE INTEREST THEREON AND TO DETERMINE PREJUDGMENT INTEREST AND LIFT THE STAY (DKT. # 159)

This matter is before the Court on the *Motion to Amend Final Judgment to Determine Interest Thereon and to Determine Prejudgment Interest and Lift the Stay* (the "Second Motion for Prejudgment Interest") (Dkt. # 159) filed by David Baird (the "Plaintiff"). A hearing was held on December 18, 2018, where the Court heard argument and took the matter under advisement. As discussed in open court, the Plaintiff failed to request prejudgment interest in any of his pleadings prior to entry of the Court's Memorandum Opinion and Final Judgment, which is fatal to his request for prejudgment interest. (Dkts. # 144, 156). The Plaintiff is entitled to postjudgment

1

interest without such a request or explicit inclusion in the Final Judgment. Thus, the Second Motion for Prejudgment Interest is due to be denied.

This adversary proceeding was removed to this Court on October 29, 2015. (Dkt. # 1). The Plaintiff's *Complaint to Quiet Title and Recover Damages for Timber Trespass* made no mention of prejudgment interest. (Dkt. # 11). A pretrial conference was held on July 11, 2017 and a Pretrial Order entered. (Dkt. # 108). The Pretrial Order, prepared and agreed to by the parties, did not include any reference to prejudgment interest. The Plaintiff filed numerous other pleadings prior to trial with no mention of prejudgment interest. At trial, the Plaintiff made no request for prejudgment interest and put on no evidence in that regard. On September 25, 2018, the Court entered its Memorandum Opinion. (Dkt. # 144).

On October 8, 2018, the Plaintiff filed its *Motion for Prejudgment Interest* (the "First Motion for Prejudgment Interest") (Dkt. # 151). The First Motion for Prejudgment Interest was a direct copy and paste of the Plaintiff's *Motion to Amend Finding of Facts* (Dkt. # 152). It did not reference prejudgment interest, other than in the title, and was denied. (Dkt. # 153). On October 18, 2018, after a determination of attorney's fees, the Final Judgment was entered. (Dkt. # 156). On October 26, 2018, the Plaintiff filed his Second Motion for Prejudgment Interest (Dkt. # 159), for the first time presenting a colorable claim to prejudgment interest. On November 16, 2018, the Plaintiff filed his *Notice of Appeal of Final Order*. (Dkt. # 165).[1]

### I. **PREJUDGMENT INTEREST**

In the Second Motion for Prejudgment Interest, the Plaintiff requests prejudgment interest and postjudgment interest. Because this adversary proceeding was based on state law claims,

---

[1] The hearing on the Second Motion for Prejudgment Interest was held after the Notice of Appeal was filed. The Second Motion for Prejudgment Interest is in the nature of a motion to alter or amend and, thus, this Court has jurisdiction to enter this Order. (Dkt. # 167); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005).

Mississippi law determines whether prejudgment interest should be awarded. *Puerto Rico Highway and Transportation Authority v. Redondo Const. Corp. (In re Redondo Const. Corp.)*, 820 F.3d 460, 464 (1st Cir. 2016); *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1463 (9th Cir. 1997). The statutory basis for the Plaintiff's claims, Mississippi Code Annotated § 95-5-10, does not address prejudgment interest, so Mississippi common law controls. It is well-settled, under Mississippi law, that awarding prejudgment interest is within the discretion of the trial judge. *Golden Triangle Vein Ctr. v. Total Body Contouring Inc.*, 2018 WL 152784, at *3 (N.D. Miss. Mar. 28, 2018) (Judge Brown); *Estate of McLemore v. McLemore*, 63 So. 3d 468, 492 (Miss. 2011) ("A trial court may award prejudgment interest provided certain conditions are met, but is not required to do so.").

Mississippi courts require that plaintiffs request prejudgment interest in their pleadings. *Upchurch Plumbing, Inc. v. Greenwood Utilities Com'n*, 964 So. 2d 1100, 1118-19 (Miss. 2007); *Theobald v. Nosser*, 784 So. 2d 142, 145 (Miss. 2001); *Cain v. Cain*, 967 So. 2d 654, 663 (Miss. Ct. App. 2007) ("In Mississippi, the trial judge possesses the authority to award prejudgment interest to the prevailing party in a breach of contract suit if prejudgment interest was requested in the complaint."). Mississippi courts originally required that the plaintiff's pleadings include a request for prejudgment interest and the date on which the prejudgment interest was due, but the specific date requirement has been abandoned. *Upchurch*, 964 So. 2d at 1118 ("We wish to make clear today that while Miss. R. Civ. P. 8 does require that a party assert a demand for prejudgment interest in the appropriate pleading; on the other hand Rule 8 does not require that a party seeking prejudgment interest must plead the specific date on which the prejudgment interest allegedly is due.").

Mississippi courts have held that requesting prejudgment interest after the court has issued its opinion is too late:

> The Nossers assert that the Theobalds did not request prejudgment interest until the hearing before the chancery court *after* this Court had issued its opinion. That assertion is supported by the chancery court, which found that the Theobalds did not make a proper demand for prejudgment interest, and by the Theobalds' own complaint, which specifically asked for "legal interest *after* date of judgment." In light of all these factors, we conclude that the chancery court did not abuse its discretion in denying the Theobalds prejudgment interest.

*Theobald*, 784 So.2d at 145 (Miss. 2001) (emphasis in original) (cited by *Upchurch Plumbing, Inc. v. Greenwood Utilities Com'n*, 964 So.2d 1100, 1119 (Miss. 2007)). In *Theobald*, the Plaintiffs did not request prejudgment interest until the Mississippi Supreme Court had reversed and remanded the case back to Chancery Court. *Id.* The Chancery Court found that the Plaintiffs did not make a proper demand for prejudgment interest and the Mississippi Supreme Court affirmed. *Id.* The Mississippi Supreme Court distinguished *Theobald* from *Upchurch* because prejudgment interest was requested at different times. *Upchurch*, 964 So.2d at 1119 ("[T]his Court specifically emphasized that the [plaintiffs in *Theobald*] demanded interest after the date of judgment, which is distinguishable from this case. Greenwood clearly asked for prejudgment interest in its complaint."). The plaintiffs in *Theobald* were denied prejudgment interest because they did not request it until after the judgment had been rendered. The plaintiffs in *Upchurch* were awarded prejudgment interest because they included a request in their complaint.

If the pleadings do not specifically request prejudgment interest, it may still be awarded if it is included at trial by express or implied consent of the parties. *Gill v. Gipson*, 982 So. 2d 415, 421 (Miss. Ct. App. 2007). In *Gill*, a prejudgment interest request was not included in the pleadings but was awarded because the parties entered stipulated evidence that set the rate of prejudgment interest, if awarded, and provided evidence of the liquidated damages amount and the date from which they were allegedly due. *Id.* The Mississippi Supreme Court found that the

4

plaintiff was entitled to prejudgment interest because the defendant did not object that the evidence of prejudgment interest was outside of the pleadings and "the evidence of liquidated damages and the date from which they were allegedly due was entered prior to judgment by the express or, at the very least, implied consent of the parties." *Id.* at 422.

Here, the Plaintiff did not request prejudgment interest in any of his pleadings prior to the entry of the Memorandum Opinion, nor did he put on any evidence regarding prejudgment interest at trial. He filed numerous pleadings and never mentioned prejudgment interest or included an amount in his damages request that could be attributable to prejudgment interest. Also, there is no mention of prejudgment interest in the pretrial order. (Dkt # 108).

The Plaintiff's first *actual* request for prejudgment interest, his Second Motion for Prejudgment Interest, was filed after the trial, after the Memorandum Opinion was entered, after the attorney's fees were determined, and after the Final Judgment was entered.[2] This request was made almost two months after the trial took place. The Defendant objected to the Second Motion for Prejudgment Interest. (Dkt. # 166). There was no express or implied consent by the Defendant at any point.

Much like the plaintiffs in *Theobald*, the Plaintiff did not request prejudgment interest until after the Final Judgment was entered. Under Mississippi law, this request is too late and, thus, the Plaintiff is not entitled to prejudgment interest.

## II.     POSTJUDGMENT INTEREST

The Plaintiff is entitled to postjudgment interest at the federal rate. Federal law applies to federal court judgments to determine postjudgment interest, even in an action otherwise governed by state law. *Amegy Bank National Association v. Brazos M&E, Ltd. (In re Bigler LP)*, 458 B.R.

---

[2] The Plaintiff's First Motion for Prejudgment Interest was denied and arguably precludes this second request for prejudgment interest. That said, as both requests were untimely, there is no need to address preclusion.

345, 390 (Bankr. S.D. Tex 2011) (citing *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993)); *Lassman v. Keefe (In re Keefe)*, 401 B.R. 520, 526 (1st Cir. BAP 2009). Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." A bankruptcy court proceeding is a "civil case," and so a bankruptcy court judgment is subject to postjudgment interest as provided for in § 1961(a). *Amegy Bank*, 458 B.R. at 390 (citing *Ocasek v. Manville Corp. Asbestos Disease Comp. Fund*, 956 F.2d 152, 154 (7th Cir. 1992)).

"[R]egardless of whether there is any reference to postjudgment interest in the pleadings, a court's order, or the entry of a money judgment, a prevailing plaintiff in federal court is automatically entitled to postjudgment interest." *Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998). Interest begins to accrue daily from the date of the entry of the judgment until the judgment is fully satisfied. 28 U.S.C. § 1961(a), (b); *Amegy Bank*, 458 B.R. at 390. The rate of interest is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Interest is computed daily to the date of payment and is compounded annually. 28 U.S.C. § 1961(b).

The Plaintiff's request for prejudgment interest was untimely and his request for postjudgment interest was unnecessary and thus, the Final Judgment is not due to be amended. Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the Second Motion for Prejudgment Interest is **DENIED.** There being no remaining issues to be resolved in this adversary proceeding, the appeal is now active, and the suspension of all appellate timelines is **LIFTED** (Dkt. # 167).

##END OF ORDER##